**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

VICTOR ANGEL TORRES,                          *

Petitioner                                    *

v                                             *          Civil Action No. RDB-16-372

WARDEN KATHLEEN GREEN, and                    *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                             *

Respondents                                   *
                                           ***

**<u>MEMORANDUM</u>**

On January 24, 2016, Petitioner Victor Angel Torres. filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1992 convictions.[1]  ECF 1.  He subsequently filed a Court directed Supplemental Petition. ECF 3.  On April 29, 2016, Respondents filed an Answer which solely addresses the timeliness of Torres' application. ECF  6.  Torres was advised of his opportunity to file a reply.  ECF 7.  The Court is in receipt of Torres' Response. ECF 8.

Torres was convicted by the Circuit Court for Wicomico County, Maryland of first degree murder and malicious destruction of property. ECF 1, ECF 3-1, ECF 6-1. In April of 1992, Torres was sentenced to life imprisonment. *Id*. Torres noted a timely appeal.  The Court of Special Appeals of Maryland, in an unreported opinion filed on February 3, 1993, upheld Torres' conviction. *Id*.  Torres did not seek further review of his conviction and sentence.  His judgment of conviction thus became final in 1993.

---

[1] The Petition, received on February 5, 2016,  is dated January 25, 2016 and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988);

1

On June 19, 2000, Torres first began to collaterally attack his conviction. He filed a petition for post-conviction relief which was denied on March 30, 2001. ECF-1. Torres did not file an application for leave to appeal the denial of post-conviction relief. *Id*. Thereafter, on June 9, 2003, he moved to reopen the closed post-conviction proceedings. The motion was granted and the post-conviction proceedings were reopened and ultimately concluded on November 13, 2003, when the post-conviction court denied relief. *Id*. Torres' application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on June 22, 2004. The court's mandate issued on July 23, 2004.

In 2008, Torres again moved to reopen his state post-conviction proceedings. The motion was denied on February 25, 2009. His application for leave to appeal was denied on May 27, 2010; the court's mandate issued on June 28, 2010. *Id*.

Torres next filed, what was construed as, a motion to correct illegal sentence on June 15, 2011. The motion was denied on September 26, 2011. The Court of Specials affirmed the denial of the motion on August 10, 2015, The court's mandate issued on September 9, 2015. *Id*.

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court. Although the statute is silent as to how it should be applied to persons like Torres whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez*, 225 F. 3d at 439 (4th Cir. 2000). Torres had no proceedings pending

from the effective date of AEDPA until June 19, 2000, when he instituted state post-conviction proceedings.  As such, the statute of limitations to file his federal habeas petition expired on April 24, 1997, long before  Torres instituted state post-conviction proceedings.

In *Holland v. Florida,*  560  U.S.631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 633. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  *Id*. at 649.  The question of whether equitable tolling applies hinges on the facts and circumstances of each  particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[2]

Torres offers no arguments in favor of equitable tolling.  Torres' pro se status and any attendant  lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation);  *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling);  *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y.  2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable

---

[2] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D. W.Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Torres does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.  A separate Order follows.

  June 23, 2016                      /s/_____
Date                                                           RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE